UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROGERICO JOHNSON, | ) | CASE NO. 4:00CV1075 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PETER C. ECONOMUS |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MARGARET GHEE, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

The instant matter is before the Court on Defendant Margaret Ghee's ("Defendant") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and Plaintiff Rogerico Johnson's ("Plaintiff") motion to appoint counsel. ECF Dkt. #s 30-31. For the following reasons, the undersigned recommends that the Court GRANT Defendant's motion for judgment on the pleadings and DENY Plaintiff's motion to appoint counsel.

**I.     BACKGROUND**

On April 26, 2000, Plaintiff Rogerico Johnson ("Plaintiff"), *pro se*, filed a Complaint against Defendant alleging violations of 42 U.S.C. § 1983, the Ohio Administrative Code, due process and the ex post facto clause, as well as a motion to proceed *in forma pauperis*. ECF Dkt. #s 1, 2. On April 15, 2005, after a lengthy procedural battle, Defendant filed a motion to dismiss

-1-

the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *See* ECF Dkt. #25. On May 17, 2005, Plaintiff filed a motion for an extension of time to respond to Defendant's motion and to retain counsel. ECF Dkt. #28. On June 7, 2005, the undersigned granted Plaintiff's motion of extension of time until July 18, 2005, but Plaintiff did not file any response.

On August 19, 2005, the undersigned recommended that the Court deny Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Defendant's arguments because the complaint states a cause of action against Defendant in her official capacity, and grant in part her motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for all claims, if any, that relate to Defendant in her personal capacity. ECF Dkt. #29.

Subsequently, on August 25, 2005, Defendant filed the instant motion for judgment on the pleadings. ECF Dkt. #30. On August 31, 2005, Plaintiff filed a letter with the Court dated August 28, 2005, advising the Court of his address change and requesting an appointment of counsel. ECF Dkt. #31. On September 23, 2005, United States District Court Judge Peter C. Economus referred both matters to the undersigned for a report and recommendation. ECF Dkt. #s 32-33.

## II. APPOINTMENT OF COUNSEL

In civil rights cases, prisoners have no constitutional right to appointed counsel. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Rather, within its discretion, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In making its determination, the court should analyze the plaintiff's efforts to obtain

counsel, the status of his financial resources, and the merits of his claim. *Henry v. City of Detroit Manpower Dept., et al.*, 763 F.2d 757, 760 (6th Cir. 1985). The court should also review the complexity of the case's factual and legal issues and the plaintiff's ability to present them. *See Edwards v. Simpson*, 833 F.2d 1012, 1987 U.S. App. LEXIS 15279, *7-8 (6th Cir. 1987).

After reviewing the proper criteria in Plaintiff's case, this court finds that the factors do not weigh in favor of appointing counsel. Plaintiff is presently incarcerated and indigent as stated in his application to proceed *in forma pauperis*. However, Plaintiff has not specifically detailed his efforts to obtain counsel. And in addition, Plaintiff's claims lack merit. *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (finding that if a pro se litigants claim lacks merit than it would be futile to appoint counsel); *Cottenham v. Saginaw County et al.*, 2001 U.S. Dist. LEXIS 6752, *5, No. 00-73817 (S.D. Mich. 2001) (stating the same); *Edwards, supra* at *8-9. As explained below, Plaintiff has not stated a cause of action upon which relief can be granted. Accordingly, the undersigned recommends that the Court DENY Plaintiff's motion to appoint counsel.

**III.    MOTION FOR JUDGMENT ON THE PLEADINGS**

The standard of review on a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same standard used for evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir. 1998); *see also E.E.O.C. v. J.H. Routh Packing Co.,* 246 F.3d 850-51 (6th Cir. 2001). When faced with a defendant's motion for judgment on the pleadings, a district court must "construe the complaint in the light most favorable to the plaintiff [and] accept all of the

complaint's factual allegations as true." *J.H. Routh Packing,* 246 F.3d at 850-51: *see also Mixon v. Ohio,* 193 F.3d 389. 400 (6th Cir. 1999). A district court may grant the defendant's motion for judgment on the pleadings only if "the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *J.H. Routh Packing Co.,* 246 F.3d at 851 (citations omitted).

Defendant argues that because the complaint states a cause of action against Defendant in her official capacity or in other words, against the State of Ohio Adult Parole Authority ("APA"), it must be dismissed based on the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars a suit against a state by a resident of that state or of any other state absent the state's express consent to be sued. *See McNeilus Truck & Mfg., Inc. v. Ohio*, 226 F.3d 429, 438 (6th Cir. 2000); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Touvell v. Ohio Dep't of Mental Retardation & Developmental Disabities*, 2005 US. App. LEXIS 19432, *4 (6th Cir. 2005). The APA is a branch of the Ohio Department of Rehabilitation and Correction and is thus, an agency of the State of Ohio. The State of Ohio has expressly consented to suit in the Ohio Court of Claims when monetary damages are involved. Ohio Rev. Code § 2743.02(A)(1). Reciprocally, the State of Ohio has not consented to suit in federal court on the claims alleged by Plaintiff in his complaint. Therefore, this Court lacks jurisdiction to adjudicate these claims against the State of Ohio. *See State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir 1982).

Additionally, a state, its agencies and an officer sued in her official capacity are not persons under the meaning of 42 U.S.C. § 1983. *See, e.g., Rodgers v. Mich. Dep't of Corr.*, 29 Fed. Appx. 259, 260 (6th Cir. 2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58,

66-71(1989)). Therefore, Plaintiff's Section 1983 claim against Defendant is not a claim upon which relief can be granted.

Moreover, as Defendant argues, a state prisoner who is denied parole is not deprived of a liberty interest as recognized under Section 1983 or the Due Process Clause unless state law makes the parole decision mandatory. *See State ex rel Ferguson v. Ohio Adult Parole Authority*, 45 Ohio St.3d 355, 355 (1989). In this instance, the parole decision in Ohio is discretionary. *Wagner v. Gilligan*, 609 F.2d 866, 867 (6th Cir. 1979). Therefore, Plaintiff has no constitutional right to parole that is protected by the Constitution. *Id.*; *See also Inmates of Orient Correctional Institute v. Ohio Adult Parole Authority*, 929 F.2d 233, 235-37 (6th Cir. 1991); *State ex rel. Miller v. Leonard*, 88 Ohio St.3d 46, 47 (2000). The use or existence of internal guidelines does not alter the discretionary nature of the parole decision. *See Inmates of Orient Correctional Institute, supra* (noting that a violation of a state regulation requiring a certain kind of hearing, without more, does not violate Due Process). Accordingly, Plaintiff can not challenge the procedure used to deny his parole and cannot similarly challenge a decision to deny an earlier consideration of parole. *See e.g., Olim v. Wakinekona*, 461 U.S. 238 (1983); *Berry v. Traughber*, 2002 U.S. App. LEXIS 16541, No. 02-5023 (6th Cir. 2002); *Poe v. Traughber*, 1998 U.S. App. LEXIS 9612, No. 97-5728 (6th Cir. 1998); *Griffin v. Members of Ohio Adult Bd. Of Parole*, 1998 U.S. App. LEXIS 9001, No. 97-3556 (6th Cir. 1998).

Based on the foregoing, the undersigned recommends that the Court find that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983, the Ohio Administrative Code, due process or the ex post facto clause, upon which relief can be granted.

**IV. CONCLUSION**

For the foregoing reasons, the undersigned recommends that the Court GRANT Defendant's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c), and DENY Plaintiff's motion for appointment of counsel. ECF Dkt. #s 30-33.

Date: October 6, 2005                                   */s/George J. Limbert*
                                                        GEORGE J. LIMBERT
                                                        United States Magistrate Judge


ANY OBJECTIONS to the Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).